FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 18, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESLEY B. AMES and<br>STANLEY R. AMES,<br><br>               Plaintiffs,<br><br>   v.<br><br>RANDALL S. AMES and<br>CALEB AMES,<br><br>               Defendants. | NO. 2:18-CV-0361-TOR<br><br>ORDER GRANTING PLAINTIFFS'<br>MOTION TO REMAND |

BEFORE THE COURT is Plaintiffs Stanley Ames and Wesley Ames' Motion to Remand (ECF No. 3) and Defendant Caleb and Randall Ames's (Second) Motion for Extension of Time to File Response (ECF No. 8), and corresponding Motion to Expedite (ECF Nos. 10; 14 (amended)). The Motion to Remand was filed on December 21, 2018, without a request for oral argument. On January 22, 2019, Defendants Randall Ames and Caleb Ames requested an extension of time to respond to the Motion. ECF No. 4. In open Court on January

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 1

28, 2019, the Court granted the request, giving Defendants until February 22, 2019 to file their Response. ECF Nos. 4; 6. Defendants submitted a belated Motion to Extend (ECF No. 8) on March 13, 2019 along with a Motion to Expedite (ECF Nos. 10; 14 (amended motion)). Defendants submitted a Response to the Motion to Remand on March 15, 2018. ECF No. 12. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Motion to Remand (ECF No. 3) is **granted** and the Motion for Extension of Time (ECF No. 8) and corresponding Motion to Expedite (ECF Nos. 10; 14 (amended motion)) are **denied as moot**.

## BACKGROUND

This case is one of many brought before this Court involving the Ames brothers—Stanley, Wesley, and Randall. In short, Randall and his family moved in with the Ames brothers' parents (Roy and Rubye Ames), who held a life estate in property located on Haverland Meadows Rd., Valley, Washington (the "farm"). Stanley and Wesley Ames held the remaining interest in the property. Sometime around the time Randall moved in with his parents, the family became entangled in multiple suits involving the ownership of the farm, alleged theft and failure to maintain property on the farm, and general allegations of inter-familial wrongdoing—pitting Wesley, Stanley, and their sister Merita Dysart against Randall.

Roy Ames passed away in March 2016. Case No. 2:13-cv-0261-TOR, ECF No. 42 at 8, ¶ 27. Rubye Ames passed away in June 2018, vesting Stanley and Wesley with the remaining rights to the property. However, Randall and his family allegedly concealed the death of Rubye Ames for a period of time. *See* ECF No. 3 at 23-28. Although the property vested at the time of Rubye's death, Randall and his family did not immediately leave the farm; when they eventually left, they allegedly took property belonging to Stanley and Wesley (and their sister Merita) along with them. This latter action is the basis for this suit.

On July 3, 2018, Stanley and Wesley brought suit in the Superior Court of the State of Washington for the County of Stevens, alleging claims for conversion and timber waste based on Defendants alleged theft, and requesting the Court enjoin Defendants from entering or removing property from the farm. *See* ECF No. 1 at 49-52. On July 8, 2018, Merita attempted to serve Defendants at the farm at Wesley's request. ECF No. 3 at 70, ¶ 1. The Parties dispute what happened that day, but the dispute is irrelevant for this Motion. Plaintiffs mailed the First Amended Complaint (ECF No. 1 at 36-44) to Defendants on August 24, 2018. ECF No. 3 at 14. On November 23, 2018, Defendants removed the case to this Court. ECF No. 1. Plaintiffs now challenge the legitimacy of the removal and ask the Court to remand the case back to state court.

//

**GOVERNING LAW**

A defendant may remove a civil action filed in state court to federal court so long as the district court could have exercised original jurisdiction over the matter and the notice of removal is timely filed. 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b). "[W]hen diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was filed in the state court, but also at the time the case is removed to federal court." Removal Based on Diversity of Citizenship and Alienage Jurisdiction, 14C Fed. Prac. & Proc. Juris. § 3723 (Rev. 4th ed.).

The notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Otherwise, "if the case stated by the initial pleading is not removable, a notice of removal may be within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1). Because Section 1446(b) provides for receipt through service *or* otherwise, actual receipt, regardless of whether service was proper under the

Federal Rules, triggers the 30-day timeline. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, ___ F.3d ___, 2019 WL 1086998, at *2 (9th Cir. Mar. 8, 2019) (holding 30 day timeline begins when defendant receives the pleadings).

The removal statute, 28 U.S.C. § 1441(a), is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). Indeed, there is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted). "An order remanding a case to the state court which was removed under [28 U.S.C. § 1441(b)] is not reviewable on appeal or otherwise." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (citing 28 U.S.C. § 1447(d)).

"Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (citing *Gaus,* 980 F.2d at 567). "A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, *see* 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Id.* at 1122. "Challenges to the existence of removal

jurisdiction should be resolved within this same framework" as a challenge to jurisdiction under Rule 12(b)(1) "given the parallel nature of the inquiry." *Id.* (recognizing "[t]he statute governing removal of civil actions tracks the language of Rule 8(a)(1), requiring the defendant to provide 'a short and plain statement of the grounds for removal.'" (quoting 28 U.S.C. § 1446(a)).

"As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations . . . ." *Id.* In the context of a motion to remand, a "facial" attack is one where the challenger argues that, even if true, the defendant's allegations "are insufficient on their face to invoke federal jurisdiction." *See id.* at 1121-22 (quoting *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* at 1121 (citing *Pride v. Correa,* 719 F.3d 1130, 1133 (9th Cir. 2013)).

A "factual" attack, on the other hand, "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings." *Leite*, 749 F.3d 1117, 1121-22 (9th Cir. 2014) (citing *Safe Air for Everyone,* 373 F.3d at 1039; *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir.

1979)). When the challenger raises a "factual" attack in a motion to remand, the defendant "must support her jurisdictional allegations with 'competent proof,' [citation omitted] under the same evidentiary standard that governs in the summary judgment context. *See Leite*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Hertz Corp. v. Friend,* 559 U.S. 77, 96-97 (2010); other citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039-40 (quoting *Savage v. Glendale Union High School,* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

"In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citation omitted). "In such circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Id.* (quoting *Thornhill Publishing,* 594 F.2d at 733).

//

## DISCUSSION

Plaintiffs Wesley and Stanley Ames request the Court remand the case back to state court. ECF No. 3. Plaintiffs argue (1) the Defendants' notice of removal was not timely and (2) the court does not have diversity jurisdiction. ECF No. 3. The Court finds the Defendants failed to timely remove the case.

According to Plaintiffs, Defendants filed a notice of removal with the state court on November 23, 2018, although the notice itself is dated November 15, 2018. ECF No. 3 at 11. Plaintiffs argue the 30-day timeline began to run on July 8, 2018, when Merita performed "drop service", but the Court observes that the Complaint did not allege facts that clearly demonstrated the amount in controversy exceeded $75,000 to implicate potential federal diversity jurisdiction at that time. *See* ECF No. 1 at 51 (Complaint limited to theft/conversion of unquantified timber and hay).

Plaintiffs also argue the 30-day timeline began to run on August 27, 2018, three days after Plaintiff mailed the First Amended Complaint (ECF No. 1 at 36-43) to Defendants. ECF No. 3 at 14. The Court agrees. Plaintiffs expressly alleged over $75,000 in damages in their First Amended Complaint. *See* ECF No. 1 at 42-43. Defendants do not address whether they were citizens of Idaho at the time the suit was filed, only that they were citizens of Idaho on November 15, 2018.

"Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." *Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992) (citing *Rosenthal v. Walker,* 111 U.S. 185, 193-94 (1884); other citation omitted). Plaintiff's sworn statement that he mailed the First Amended Complaint to Defendants raises the presumption of receipt, to which Defendants have not rebutted. *See* ECF No. 12. On this record, the Court finds that Defendants received the Complaint and failed to file a notice of removal within 30 days from the date of actual receipt.

Accordingly, the Court will **remand** the case back to state court for failure to timely file the notice of removal. 28 U.S.C. § 1446(b).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs Stanley Ames and Wesley Ames' Motion to Remand (ECF No. 3) is **GRANTED**.
2. Defendants Caleb and Randall Ames's (Second) Motion for Extension of Time to File Response (ECF No. 8) is **DENIED AS MOOT**.
3. Defendants Caleb and Randall Ames' Motion to Expedite (ECF Nos. 10; 14 (amended)) is **DENIED AS MOOT**.
4. This case is hereby **REMANDED** to the Stevens County Superior Court for all further proceedings (former Stevens County Superior Court No. 2018-2-00309-33).

The District Court Executive is directed to enter this Order, furnish copies to counsel, <u>mail a certified copy to the Clerk of the Stevens County Superior Court,</u> and **CLOSE** the file. All deadlines and hearings are **VACATED**. Each party to bear its own costs and expenses.

**DATED** March 18, 2019.



THOMAS O. RICE
Chief United States District Judge